## IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | | |
|---|---|---|
| **GLORIA MOTT f/k/a GLORIA MARTIN,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | **Civil Action No.: _____** |
| | ) | |
| **v.** | ) | **Jury Trial Demanded** |
| | ) | |
| **CENTER FOR PLASTIC SURGERY, INC. and JWSK1, LLC,** | ) | |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

## COMPLAINT

This is an action pursuant to the Fair Labor Standards Act (the "FLSA"), 29 U.S.C. § 201 *et seq.*, for Gloria Mott f/k/a Gloria Martin ("Plaintiff") to recover money damages and for other relief for unpaid overtime compensation owed to her by Defendants Center for Plastic Surgery, Inc. and JWSK1, LLC at any time in the three (3) year period prior to the filing of this Complaint (the "Relevant Period").

## PARTIES, JURISDICTION AND VENUE

### 1.

Plaintiff is a former employee of Defendants Center for Plastic Surgery, Inc. and JWSK1, LLC who was employed by Defendants during the Relevant Period up

through in or about July 2017, as Pre-op PACU Nurse at the Center for Plastic Surgery.

2.

Plaintiff was an "employee" entitled to the protections of the FLSA pursuant to 29 U.S.C. §§ 203(e) and 207(a).

3.

Defendant Center for Plastic Surgery, Inc. is a for profit domestic corporation, which is authorized to, does and or did transact business in the State of Georgia under the d/b/a Center for Plastic Surgery, with its principal office address located at 6860 Riverside Drive in Atlanta, Fulton County, Georgia 30328.

4.

The name and address of the Center for Plastic Surgery, Inc.'s registered agent is Jason A. Kim located at 311 Green Street, Suite 409 in Gainesville, Georgia 30501.

5.

Defendant Center for Plastic Surgery, Inc. may properly be served with process upon its registered agent.

6.

Defendant JWSK1, LLC is a domestic limited liability company, which is authorized to, does and or did transact business in the State of Georgia under the d/b/a Center for Plastic Surgery, with its principal office address located at 5 Pointe Ridge Drive in Atlanta, Fulton County, Georgia 30328.

7.

The name and address of the JWSK1, LLC's registered agent is Sanjeev Kaila located at 5 Pointe Ridge Drive in Atlanta, Fulton County, Georgia 30328.

8.

Defendant Center for Plastic JWSK1, LLC may properly be served with process upon its registered agent.

9.

At all times during the Relevant Period, Defendants employed Plaintiff as a Pre-op PACU Nurse at the d/b/a "Center for Plastic Surgery" in Atlanta, Georgia.

10.

At all times during the Relevant Period, Defendants were an "employer" within the meaning of 29 U.S.C. § 203(d).

11.

At all times during the Relevant Period, Defendants were not exempt from the overtime obligations of an "employer" under the FLSA, 29 U.S.C. § 201 *et seq.*

12.

At all times during the Relevant Period, Plaintiff was employed by the Defendants as an employee, and therefore was an "employee" within the meaning of 29 U.S.C. §203(e).

13.

At all times during the Relevant Period, Defendants had annual gross volume of sales made or business done that was more than $500,000.

14.

At all times during the Relevant Period, Defendants had employees engaged in commerce.

15.

At all times during the Relevant Period, Defendants were enterprises engaged in commerce for purposes of the FLSA.

16.

This Court has jurisdiction pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331 and venue is proper in this judicial district.

## FACTUAL ALLEGATIONS

### 17.

This action is brought by Plaintiff for violations of the FLSA based upon Defendants' systematic failure to properly compensate her for all overtime hours worked in excess of forty (40) hours per week.

### 18.

Plaintiff was employed by Defendants as an employee and worked for Defendants as a Pre-op PACU Nurse at the d/b/a of Center for Plastic Surgery during the Relevant Period.

### 19.

The work period of Plaintiff consisted of a seven (7) day calendar week.

### 20.

Plaintiff was paid on an hourly basis and was not paid on a salary basis.

### 21.

During the Relevant Period Plaintiff's regular hourly rate of pay was $30.00 per hour.

### 22.

Based on her job duties and hourly compensation, Plaintiff was an hourly paid, non-exempt employee under the FLSA.

23.

On numerous occasions during the Relevant Period, Defendants required or permitted Plaintiff to work in excess of forty (40) hours in a work period without Plaintiff receiving proper overtime compensation for those hours exceeding forty (40) hours.

24.

Defendants did not properly calculate the number of hours worked per week and/or properly calculate overtime compensation for Plaintiff for overtime hours worked in excess of forty (40) hours in a given week.

25.

The time worked by the Plaintiff was recorded and maintained by Defendants.

26.

Defendants did not properly calculate the money owed to Plaintiff for overtime hours worked in excess of forty (40) hours per week on numerous occasions during the Relevant Period.

27.

Defendants' time records and pay records concerning the hours worked and compensation received by Plaintiff contain the necessary information to properly

calculate the overtime hours worked by Plaintiff in excess of forty (40) hours in a given week and the overtime compensation owed to Plaintiff.

28.

Defendants have failed to meet the requirements for any of the exemptions from application of the overtime compensation requirements of the FLSA for Plaintiff.

29.

Plaintiff was required to be compensated at her regular hourly rate of $30.00 per hour for each hour worked up to forty (40) hours in a given week.

30.

During the Relevant Period Plaintiff's overtime hourly rate of pay was $45.00 per hour, which is equal to one and one-half times her regular hourly rate of pay.

31.

Plaintiff was required to be compensated for overtime hours at a rate of one and one-half times her regular hourly rate of pay, or $45.00 per overtime hour, for each hour worked in excess of forty (40) hours in a given week.

32.

At times during the Relevant Period, Plaintiff was entirely uncompensated for overtime pay.

33.

At times during the Relevant Period, Plaintiff was undercompensated for overtime pay.

34.

At times during the Relevant Period, Defendants only paid Plaintiff her regular hourly rate, also known as "straight time", for each hour worked in excess of forty (40) hours in a given week.

35.

Defendants have willfully violated the FLSA by not paying Plaintiff overtime compensation for all time worked in excess of forty (40) hours per week at the rates required by law.

36.

Upon information and belief, Defendants have failed to keep all records required by the FLSA regarding the wages, hours and other conditions of employment of the Plaintiff for the time period required by law.

**COUNT I – VIOLATION OF THE FAIR LABOR STANDARDS ACT**

37.

Plaintiff realleges paragraphs 1 through 36 as if fully set forth herein.

38.

At all times during the Relevant Period, Plaintiff was an employee required to be paid for all hours worked and overtime wages by Defendants at a rate of one and one-half times her regular rate of pay for each hour worked in excess of forty (40) hours in a given week.

39.

Defendants have violated the provisions of the FLSA, 29 U.S.C. 29 U.S.C. § 206, § 207 and §215 by failing to pay Plaintiff overtime wages at a rate of one and one-half times her regular rate of pay for each hour worked in excess of forty (40) hours in a given week.

40.

Defendants' failure to compensate Plaintiff overtime wages at a rate of one and one-half times her regular rate of pay for each hour worked in excess of forty (40) hours in a given week is a willful and intentional violation of the FLSA.

41.

The foregoing conduct, as alleged, constitutes a willful violation of the FLSA within the meaning of 29 U.S.C. § 255(a) as Defendants knew, or showed reckless disregard for the fact that their compensation practices and failure to compensate Plaintiff overtime wages at a rate of one and one-half times her regular rate of pay

for each hour worked in excess of forty (40) hours in a given week, was in violation of these laws.

42.

Said intentional and willful violations give rise to claims for relief under the FLSA for the Plaintiff for unpaid wages for all unpaid overtime wages at a rate of one and one-half times her regular rate of pay for each hour worked in excess of forty (40) hours in a given week during the Relevant Period; liquidated damages in an amount equal to the unpaid compensation; declaratory and injunctive relief; and reasonable attorneys' fees and expenses of litigation, pursuant to 29 U.S.C. § 216.

43.

By failing to accurately record, report, and/or preserve records of hours worked by Plaintiff, Defendants have failed to make, keep, and preserve records with respect to each of its employees sufficient to determine their wages, hours, and other conditions and practice of employment, in violation of the FLSA, 29 U.S.C. § 201 *et seq*.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff requests this Court:

(a)     Take jurisdiction of this matter;

(b)     Issue a declaratory judgment declaring that Plaintiff was covered by the provisions of the FLSA;

(c)     Issue a declaratory judgment declaring that Defendants have failed to comply with the requirements of the FLSA;

(d)     Issue a Judgment against Defendants that their violations of the FLSA was willful;

(e)     Award Plaintiff payment for unpaid wages for hours worked and unpaid overtime wages at a rate of one and one-half times her regular rate of pay for each hour worked in excess of forty (40) hours in a given week, for the Relevant Period;

(f)     Award Plaintiff payment of liquidated damages equaling 100% of her unpaid wages and unpaid overtime wages;

(g)     Award Plaintiff prejudgment interest and postjudgment interest;

(h)     Award Plaintiff reasonable attorneys' fees and costs incurred in prosecuting these claims;

(i)     Grant leave to amend to add claims under applicable state and federal laws;

(j)     Grant leave to amend to add other Defendants who meet the definition of Plaintiff's "employer," 29 U.S.C. § 203(d), as may be determined at a later time;

(k)     Issue an order requiring Defendants to preserve all electronically stored information relevant to this lawsuit; and

(l)     Award any such further relief as the Court deems just, equitable and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury to the extent authorized under the law.

Respectfully submitted this 11th day of October, 2018.

By:     _____

LAW OFFICE OF JOSHUA A. MILLICAN, P.C.
Joshua A. Millican
Georgia Bar No. 508998
44 Broad Street, N.W., Suite 607
Atlanta, Georgia 30303
(404) 522-1152 (telephone)
(404) 522-1133 (facsimile)
joshua.millican@lawofficepc.com

**ATTORNEY FOR PLAINTIFF**